```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

KYLE DENNIS,                              06 Civ. 3868 (FPS)

        Plaintiff,                        MEMORANDUM OPINION AND ORDER
                                          AFFIRMING THE MAGISTRATE JUDGE'S
v.                                        REPORT AND RECOMMENDATION

CORRECTION OFFICER C. HOPKINS,
CORRECTION OFFICER "JANE" STUKES,
CORRECTION OFFICER "JANE" JENKINS,
and CORRECTION OFFICER JOHN DOE in
their individual and official
capacities as correction officers
employed by the County of Westchester,

        Defendants.

----------------------------------X
```

## I. Procedural History

The plaintiff filed the above-styled civil action pursuant to 42 U.S.C. § 1983, alleging that he was attacked by four inmates and that the correction officers standing nearby ignored his cries for help. This Court previously granted summary judgment in favor of all defendants in this case.[1] In granting summary judgment on behalf of the defendants, this Court found that all defendants were entitled to qualified immunity. Further, this Court found that not only were all defendants entitled to qualified immunity for their actions, but the plaintiff failed to exhaust his administrative

---

[1] For a more detailed explanation of this Court's previous findings and for a factual background of this case, see ECF No. 55.

remedies in accordance with the Prison Litigation Reform Act ("PLRA").

On appeal, the United States Court of Appeals for the Second Circuit affirmed this Court's judgment as to two of the correctional officers, defendants Correction Officer "Jane" Stukes ("Stukes") and Correction Officer "Jane" Jenkins ("Jenkins"), finding they were entitled to qualified immunity.  As to defendant Correction Officer C. Hopkins ("Hopkins"), however, the Second Circuit vacated this Court's judgment.  The Second Circuit found that defendant Hopkins was not entitled to qualified immunity, as the evidence created a genuine dispute of fact as to whether he was deliberately indifferent.  Further, as to this Court's finding that the plaintiff failed to exhaust his remedies as required by the PLRA, the Second Circuit remanded this case "to make any such necessary findings to determine if the facts give rise to special circumstances that may justify Dennis's failure."  Dennis v. Westchester County Jail, 485 F. App'x 478, 480 (2d Cir. 2012).

Thereafter, this Court referred the matter to Magistrate Judge George A. Yanthis for an evidentiary hearing and report and recommendation on the issue of whether special circumstances justify plaintiff's failure to comply with the exhaustion requirement.  The magistrate judge held the evidentiary hearing and thereafter issued a report and recommendation, wherein he recommended that this Court find that no special circumstances

existed based upon the evidence adduced at the hearing that would justify plaintiff's failure to comply with the exhaustion requirement. Within the report and recommendation, the magistrate judge informed the parties that they had 14 days from the date of receipt of the report and recommendation to serve and file written objections to his findings. The plaintiff, through counsel requested additional time to file objections to the report and recommendation, which this Court granted. Thereafter, such objections were filed and defendant Hopkins filed a response to those objections. The Court then received a letter motion from the plaintiff, requesting leave to file his own objections and stating that he was no longer represented by his counsel. This Court denied the plaintiff's request, finding that there was no indication that the plaintiff's counsel had withdrawn, and therefore, any motions he wished to have filed should be filed by counsel.

## II. Applicable Law

Any part of a magistrate judge's report and recommendation that is properly objected to by the parties must be reviewed by this Court de novo. Fed. R. Civ. P. 72(b). Whereas, "[t]o accept the report and recommendation of a magistrate judge to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

Because the plaintiff filed objections to the magistrate judge's finding that the plaintiff failed to exhaust his administrative remedies, this Court will review this finding de novo.

### III. Discussion

During the evidentiary hearing, the plaintiff argued that he attempted to comply with the grievance procedure but defendant Stukes and Sargent Stallone impeded the process.  The plaintiff testified that he asked defendant Stukes for a grievance form, but she did not note his request in her log book nor did she provide him with a form.  He further testified that later that day he asked Sargent Stallone for a form but Sargent Stallone said his issue was nongrievable issue and he should get a lawyer.  The plaintiff argued that this interference constituted special circumstances, which justify his failure to exhaust.

The magistrate judge found that the plaintiff's testimony was not credible.  Specifically, the magistrate judge found that based on the evidence presented at the evidentiary hearing, neither defendant Stukes nor Sargent Stallone were assigned to any of the plaintiff's housing blocks during the time frame in question when plaintiff contends he made his requests for the forms.  Further, the magistrate judge found that although the plaintiff testified that he believed the grievance procedure required him to obtain a grievance form from a housing officer or supervising block officer, plaintiff grieved his May 10, 2005 placement in protective custody

4

by writing a letter to the warden. This grievance was made six days prior to the plaintiff contending that he requested grievance forms from defendant Stukes and Sargent Stallone for the alleged events surrounding his attack on May 10, 2005. Thus, the magistrate judge found that the plaintiff was clearly aware of alternative means of satisfying the grievance procedure.

The plaintiff filed objections to the magistrate judge's findings, arguing that the administrative grievance system in effect at the Westchester County Jail where the plaintiff was incarcerated was a nullity. The plaintiff contends that the Westchester County Jail allegedly continued to use a two-tier grievance system, which required the prisoners to informally try to resolve their complaint before formally filing a complaint, in contravention of the regulations of the New York State Department of Corrections. Based on certain exhibits from the New York State Department of Corrections, the plaintiff alleges that this process continued until November 2007. Further, the plaintiff states that according to a report from the United States Department of Justice ("DOJ"), there was not one grievance filed in 2006 or 2007 alleging excessive force. This, along with the prison not complying with the regulations regarding the grievance system, the plaintiff contends, made the system a nullity and justifies the plaintiff's inability to comply with the system.

Defendant Hopkins responded arguing that the evidence produced during the evidentiary hearing demonstrated that the plaintiff had adequate administrative remedies available to him and that his failure to utilize those remedies was not excused.  Further, the defendant argues that the plaintiff's purported excuse for not complying with the grievance system and his argument that the grievance system was a nullity were unsupported by the evidence.  Specifically, the defendant states that the memorandum and letter of the New York State Department of Corrections alleging that the Westchester County Jail was using a two-tier grievance system in contravention of regulations is irrelevant.  The defendant contends that these exhibits only stand for the proposition that the plaintiff should not have been required to exhaust the informal procedure, not that he was excused from following the formal procedure, which is the issue in this case.  As to the DOJ report, the defendant argues that while this report shows that no grievances were filed for excessive force in 2006 and 2007, Assistant Warden Robert Orlando testified at the evidentiary hearing that the plaintiff's grievance would not have been filed as a grievance for excessive force.  Instead, Assistant Warden Orlando stated that the plaintiff's grievance would be filed as a grievance concerning a complaint against staff because the plaintiff was alleging a claim for failure-to-protect.  Thus, the defendant states that not only does the report itself not claim that the

grievance system was a nullity, but the plaintiff's argument concerning the report does not apply to his type of grievance. Finally, the defendant states that as shown by the evidence, it was impossible for the plaintiff to have asked Sargent Stallone and defendant Stukes for a form based on their assignments during the relevant time period. This, along with the fact that plaintiff could have obtained the forms from other officers, the library, or merely sent a letter to the warden to satisfy the process, indicates that no special circumstances exist to excuse the plaintiff from the requirement of exhausting his administrative remedies.

> The PLRA provides in pertinent part as follows:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)(a). The Second Circuit has instructed courts to conduct a three-part inquiry in circumstances where an inmate attempts to counter the argument that he has not exhausted administrative remedies as required by the PLRA. Hemphill v. State of New York, 380 F.3d 680, 686 (2d Cir. 2004). First, the Court must determine whether administrative remedies were in fact available to the prisoner. Id. Second, the Court must consider whether the prisoner failed to raise or preserve the exhaustion defense or is estopped from raising the defense. Id. Third, where

administrative remedies were available to the prisoner, the Court must consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements.  Id.

The Second Circuit specifically remanded this case for this Court to make specific findings as to the third issue, which is whether there are facts that give rise to special circumstances that may justify the plaintiff's failure to comply with the exhaustion requirement.  In determining whether special circumstances justify the plaintiff's failure to exhaust, this Court must evaluate "the circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004).  "[R]easonable reliance on regulations, statutes, or case law might excuse a prisoner's failure to pursue administrative remedies." Gibson v. Brooks, 355 F. Supp. 2d 325, 329 (D. Conn. 2004) (citing Giano, 380 F.3d at 677).  Further, physical threats made by prison officials also may constitute special circumstances that excuse the plaintiff's failure to exhaust.  See Hemphill v. New York, 380 F.3d 680, 685 (2d Cir. 2004).

After a de novo review of the magistrate judge's findings, this Court agrees with the magistrate judge and finds that no special circumstances existed to justify the plaintiff's failure to exhaust his administrative remedies.  First, this Court does not

8

find merit in plaintiff's original argument presented at the evidentiary hearing that Sargent Stallone's and defendant Stukes' failure to provide him with the requested grievance forms constituted special circumstances.  As explained by the magistrate judge, according to the evidence provided, neither Sargent Stallone nor defendant Stukes were assigned to the plaintiff's housing block during the time period that the plaintiff alleges he requested the forms from those officers.  Further, the plaintiff grieved a different complaint directly to the warden via letter days before allegedly requesting the forms from the officers.  Therefore, even if somehow the plaintiff had requested the forms from those officers, the plaintiff was still aware of a different method for grieving his complaints.  Based on this evidence, not receiving the grievance forms from the officers would not have prevented this uncounselled plaintiff from making a grievance.  Therefore, the officer's alleged refusal to provide grievance forms to the plaintiff does not constitute a special circumstance that would excuse the plaintiff's failure to exhaust his claims.

Second, this Court also finds plaintiff's newly developed argument that the grievance system was a nullity based on the system's noncompliance regulations of the New York State Department of Corrections and the report issued by the DOJ to be without merit as well.  As the defendant indicates, while the two-tiered system in place at the Westchester County Jail may have been against the

regulations issued by the New York State Department of Corrections, as it involved an informal grievance process in addition to the formal grievance process, this does not excuse the plaintiff's failure to comply with the formal grievance process. The plaintiff was aware of how to make a formal grievance to the warden via letter without the requested forms. This was shown by the letter he sent just days before he claims he was refused forms from the officers, which grieved his placement in protective custody. Further, as to the report issued by the DOJ concerning grievances filed for excessive force, this Court finds that such report is irrelevant to determining whether special circumstances exist in this situation. As was evidenced by testimony at the hearing before the magistrate judge, Assistant Warden Orlando testified that the plaintiff's grievance would have constituted a grievance for failure-to-protect, which is a complaint against an officer, not a complaint for excessive force. Therefore, neither plaintiff's original argument nor his newly developed argument through his objections report and recommendation constitute special circumstances that justify the plaintiff's failure to exhaust his administrative remedies.

## IV. Conclusion

Based upon a *de novo* review of the record the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED. As such, it is ORDERED this civil action be DISMISSED

WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Second Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the plaintiff has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the plaintiff has not made the requisite showing. Accordingly, the plaintiff is DENIED a certificate of appealability.

The plaintiff may, however, request a circuit judge of the United States Court of Appeals for the Second Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   July 30, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE